**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LETA N. PARKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civ. Action No. 14-440 (EGS) |
| | ) Civ. Action No. 14-508 (EGS) |
| KATHLEEN SEBELIUS, Sec'y, | ) |
| Dep't of Health & Human | ) |
| Services | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

*Pro se* Plaintiff Dr. Leta Parker brings these actions alleging discriminatory and retaliatory conduct and hostile work environment by her former employer, the Federal Occupational Health Service ("FOH").  Dr. Parker originally filed both cases in the Superior Court of the District of Columbia, but her cases were removed to this Court pursuant to 35 U.S.C. §§ 1346(a)(2), 1441(a), 1442(a)(1), and 1446 on March 18, 2014 (Case No. 14-0440) and March 26, 2014 (Case No. 14-0508).  Dr. Parker raises claims of discrimination, disparate treatment, hostile work environment, and retaliation for protected activity based on her

1

race, color, gender, and physical disability.[1]  Compl. ¶ 3, ECF # 1-1 at 6.[2]

On April 15, 2014, defendant Kathleen Sebelius, in her official capacity as Secretary of the Department of Health & Human Services, moved to dismiss the complaints pursuant to FED. R. CIV. P. 12(b)(3) for plaintiff's failure to lay venue according to the special venue provision for Title VII actions, 42 U.S.C. § 2000e-5(f)(3).[3]  Mot. to Dismiss at 1. Alternatively, defendant moves to transfer these cases to the United States District Court for the District of Maryland. Having considered the motion, the applicable law, and the interest of justice, the Court will **TRANSFER** these cases to the

---

[1] Plaintiff purports to bring her claims under the District of Columbia Human Rights Act, D.C. CODE § 2-1401 *et seq*.  Case No. 14-440, Compl. ¶ 3.  Defendant has construed plaintiff's complaints as claims for relief under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5 *et seq*., and the Sections 501 and 505 of the Rehabilitation Act, 29 U.S.C. §701 *et seq*., in its motion to dismiss.  Def.'s Mot. to Dismiss, ECF # 3, at 4.

[2] Unless otherwise noted, references to the record are to Case No. 14-440.

[3] On April 17, 2014, the Court issued an Order in each pending action which directed plaintiff to file her opposition or other response to defendant's motion no later than June 2, 2014. Plaintiff was advised that the Court would grant defendant's motion as conceded if she did not file a timely opposition.  To date, plaintiff neither has filed an opposition nor has requested additional time to do so.  Though permitted under the Local Rules to treat the motion as conceded, see LCvR 7(b), this Court considers the merits of defendant's Motion to Dismiss.

2

United States District Court for the District of Maryland for the reasons stated below.

**II. STANDARD OF REVIEW**

Defendant seeks to dismiss plaintiff's complaints pursuant to FED. R. CIV. P. 12(b)(3) on the grounds that venue does not lie in the District of Columbia. While the Court must accept plaintiff's well-pleaded factual allegations as true, *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (citing *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002)), it is not required as a matter of law to accept as true plaintiff's legal conclusions regarding venue, *Darby*, 231 F. Supp. 2d at 277.

To prevail on a motion to dismiss for improper venue, a defendant must present facts to defeat plaintiff's venue assertions. *Darby*, 231 F. Supp. 2d at 276. "If the district in which the action is brought does not meet the requirements of Title VII's venue provision, then that district court may either dismiss, 'or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.'" *Pendleton*, 552 F. Supp. 2d at 17 (quoting 28 U.S.C. § 1406(a)). "Generally, the 'interest of justice' directive allows courts to transfer cases to the appropriate judicial district rather than dismiss them." *Ifill v. Potter*, No. 05-2320, 2006 WL 3349549, at *1 (D.D.C. Nov. 17, 2006) (citing

*James v. Booz-Allen Hamilton, Inc.*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002)).

**III. DISCUSSION**

The general venue statute, 28 U.S.C. § 1391(b), does not apply in Title VII actions. Instead, Title VII of the Civil Rights Act contains a specific venue provision that "controls any other venue provision governing actions in federal court." *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983) (citing *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100 (D.C. Cir. 1969), *cert. denied*, 396 U.S. 895 (1969)). In a Title VII action, venue is proper

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought [4] within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). According to the Secretary, the District of Columbia is an improper venue for this action under

any of Title VII's four venue categories. Mot. to Dismiss at 4–5. Defendant argues these cases should be dismissed entirely for improper venue, or in the alternative, be transferred to the District of Maryland, which the Secretary contends is the only proper venue for this action. *Id*. at 5.

In her complaint, plaintiff asserts "all prerequisites for suit are satisfied" and alleges she was employed in the District of Columbia. Compl. ¶ 3. But as defendant has pointed out, plaintiff's former employer, the FOH, is headquartered in Bethesda, Maryland. Mot. to Dismiss at 4. Plaintiff listed Bethesda, Maryland as the address of the FOH in her Equal Employment Opportunity Formal Individual Complaint Form, ECF # 3-1 at 1, and included the FOH's Bethesda address in her former FOH email signature. *See* Case No. 14-508, Jan. 11, 2011 Email Ex., ECF # 1-1 at 35.

The District of Columbia is not the location of the alleged discrimination, disparate treatment, hostile work environment, or retaliation. Plaintiff has not alleged any activity occurring in the District of Columbia. *See* Compl. ¶¶ 6–22; Mot. to Dismiss at 4–5. Plaintiff worked in Maryland while at the FOH. Mot. to Dismiss at 4. Dr. Parker's employment records are maintained and administered in Bethesda, Maryland, the principal office of the FOH. *Id*. Dr. Parker would have worked in Rockville, Maryland had she remained with the FOH. *Id*.

Plaintiff's address of record indicates she currently resides in Hawaii, not the District of Columbia. *See* Compl. Consequently, venue is not proper in the District of Columbia under any of the Title VII venue provisions.[4]

When venue is improper, the Court may dismiss the claim or, in the interest of justice, transfer it "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to dismiss or transfer is committed to the sound discretion of the Court; however, the interest of justice generally requires transferring a case to the appropriate district in lieu of dismissal. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *see also Ebron v. Dep't of the Army*, 766 F. Supp. 2d 54, 58 (D.D.C. 2011) (transferring an employment discrimination claim to the proper venue rather than dismissing it); *Walden v. Locke*, 629 F. Supp. 2d 11, 14 (D.D.C. 2009) (same). This Court will exercise its discretion to transfer these cases to the District of Maryland.

**IV. CONCLUSION**

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** defendant's Motion to Dismiss, or in the Alternative, Transfer for Improper Venue pursuant to FED. R. CIV. P. 12(b)(3). The motion to dismiss for improper venue is

---

[4] To the extent Dr. Parker has alleged failure to make reasonable workplace accommodations for her disability, Title VII's venue statute still applies. *See* 29 U.S.C. § 794(a).

6

**DENIED**, and the motion to transfer is **GRANTED**.  Accordingly, these cases shall be **TRANSFERRED** to the United States District Court for the District of Maryland.  An appropriate order accompanies this Memorandum Opinion.

    **SO ORDERED.**

**Signed:	Emmet G. Sullivan
	United States District Judge
	June 27, 2014**